Civilian pay; dismissal. — Plaintiff, a veteran preference eligible, was dismissed from his position as transportation officer, Bureau of Supplies and Accounts, Department of the Navy, on the ground that he had intentionally falsified his application for Federal employment, Form 57, and his Declaration of Appointee, Form 61, both submitted in connection with his reemployment on September 30, 1957. Plaintiff sues to recover back pay from May 1, 1958, to the date of judgment less credit for interim earnings, on the ground that his dismissal violated his procedural rights under section 14 of the Veterans’ Preference Act of 1944, 58 Stat. 390, as amended, 5 U.S.C. § 863, in that he was refused permission to appear before an administrative officer and answer the *1190 charges in person, and' on the further ground that the Department’s action in separating him on such charges was arbitrary, capricious, grossly erroneous and not supported by substantial evidence in the light of official records and detailed knowledge in the possession of the Director of Civilian Personnel, Bureau of Supplies and Accounts, both as the result of plaintiff’s verbal disclosures and the Director’s own investigation of the very circumstances which plaintiff was charged with having misrepresented. Both parties moved for summary judgment and filed briefs in support thereof, the primary issue being whether plaintiff made false and intentional misstatements of fact oh standard Form 61 with respect to the reasons of his dismissal for unsatisfactory performance of services by the International Cooperation Administration during his probationary period.
Throughout the administrative proceedings in connection with plaintiff’s appeal to the Civil Service Commission, officials of the Department of the Navy had insisted that they were unaware of the. actual circumstances under which plaintiff had been dismissed from his overseas position with ICA, that they had relied on plaintiff’s oral statements that ill health and personality clashes with his superiors had resulted in his failure to qualify during the probationary period, whereas, had they known that he was discharged for failure to perform his duties in a satisfactory manner, they would not have reemployed him. Plaintiff maintained at all times that he had made no secret of the grounds on which ICA had instituted dismissal proceedings, that final action on his dismissal had not been taken at the time he applied for reemployment' with the Navy Department in June of 1957, and that when such final action was taken on September 27, 1957, three days before plaintiff resumed his duties with the Department of the Navy, the Director of Civilian Personnel of the Navy had full knowledge of the circumstances resulting in his separation from ICA and could not have been misled by the “No” plaintiff had indicated as an answer to the question “Have you ever been discharged from employment because your work was not satisfactory?” The Civil Service Commission had found that plaintiff had not made a misstatement of fact on his initial application for reem *1191 ployment in June 1957, but that the forms filed on September 30, 1957, did contain such misstatements concerning the grounds for his separation from ICA and that the Navy Department had in fact been misled by such statements.
Just prior to filing his motion for summary judgment in March 1965, plaintiff, as the result of discovery proceedings, found in his personnel file a reference to a summary which had been prepared by the Office of Intelligence of the ICA’s security file on the plaintiff, and a further reference to correspondence accompanying the summary. This memorandum revealed that a week prior to plaintiff’s reemployment by the Navy, the Bureau of Personnel was fully informed of all the details regarding plaintiff’s separation from ICA and were so informed on September 30,1957, when plaintiff submitted the forms which defendant claims were misleading with respect to the above question and answer. On April 20, 1965, shortly after filing his motion for summary judgment, plaintiff filed a motion for production of the Office of Naval Intelligence summary of the International Cooperation Administration’s security file on the plaintiff and the correspondence accompanying the summary, both referred to in the memorandum of September 23, 1957, prepared by the Industrial Relations Officer of the Navy Department Bureau of Supplies and Accounts. On May 10, 1965, plaintiff and defendant by their respective counsel, entered into a stipulation to the effect that “appropriate officials of the Navy Department concerned with plaintiff’s reinstatement, knew or should have known by September 30, 1957, the reasons for plaintiff’s separation from the International Cooperation Administration on September 27, 1957.” The parties also stipulated that in view of the stipulation of fact just referred to, plaintiff’s motion for production of the summary and correspondence was withdrawn and might be denied. On November 10,1965, and November 18, 1965, the parties filed stipulations in which they agreed to a settlement of all the claims asserted by the plaintiff on the following basis:
(a) The plaintiff is entitled to recover the gross amount of $21,105 from which are to be deducted the amount of $820 representing outside earnings of the *1192 plaintiff, and the amount of $285 agreed to be due the defendant in settlement of its counterclaims, leaving a net amount of $20,000 due the plaintiff, from which amount payments, as provided below, are to be made to the plaintiff’s credit in the Civil Service Retirement Fund and the Federal Employees’ Life Insurance Fund, and
(b) The plaintiff withdraws his cross-claim in the amount of $165.
On November 24, 1965, it was ordered that judgment be entered for plaintiff in the sum of $20,000 from which there was to be paid as the plaintiff’s contribution to the Civil Service Retirement Fund the sum of $5,491.90 and as plaintiff’s contribution under the Federal Employees’ Life Insurance Act of 1954 the sum of $461.25 with the balance of $14,046.85 to be paid to plaintiff. It was ordered that plaintiff’s cross-claim be dismissed and the cross-motions for summary judgment filed by the parties be denied.